## Ewing & Conner *vs* Gist.

APPEAL FROM THE MONTGOMERY CIRCUIT.

*Guardian.*   *Damages.*   *Averment.*   *Contract.*

JUDGE MARSHALL delivered the Opinion of the Court,

CASE.

*Case* 147.

*April* 23.

THE plaintiff having hired the slave, Albert, to the defendants, as guardian of the owner, had a right in that character to recover not only the hire but damages for not returning the slave, the obligation to return the slave at the expiration of the period of hire was implied by law from the contract of hiring, though not expressed in words, either in the verbal agreement of 1840 or the written note for the hire of the previous year, which was referred to in the verbal agreement merely as fixing the character of the note which was to be given for securing the hire for the year 1840.

A guardian, hiring a slave for his ward, has the right of action not only for the hire, but for damages for a failure to return the slave.

The hirer is under an implied obligation to return a slave hired.

There is no difference in the mode of averring an implied and an express promise, and there was no variance from the declaration by reason of the failure to prove an express undertaking to return the slave. Nor was the day of making the contract material, but only the time when the period of the hiring was to expire, which is alledged differently in different counts. It terminated according to the proof on the 31st day of December, at farthest, and might perhaps be regarded as terminating on the 25th of that month. Each of these days is laid in different counts, and the jury have found that the period of hire terminated before the commencement of the suit, which was on the 1st day of January, 1841.

There is no difference in the averment on an express or implied promise—nor is the day of making a contract of hiring material; the day of the surrender is.

We think there was technical error in permitting the plaintiff to read the note of the previous year to show that the defendants were then partners, without proving the execution of the note; but as the same fact was amply proved by the judgment which was certainly admissible, and also by other evidence introduced by the defendants themselves, this error is no ground for reversal.

Wherefore, as the verdict was authorized by the evidence, and the plaintiff's right of recovery was placed

EWING & CON-  by the Court on grounds sufficiently favorable to the de-
NER.
vs          fendants, the judgment is affirmed.
GIST.

PETITION FOR A RE-HEARING,

*May 3.*                    By H. Daniel.

The appellants, Ewing and Conner, respectfully peti-
tion this honorable Court for a reconsideration of their
opinion affirming the judgment of the Court below.

It seems, from the opinion, that the Court did not take
into consideration the point presented by the bill of ex-
ceptions, that the appellee, Mrs. Gist, as guardian could
not in her name, recover the value of the slave, Albert,
as she has done in this case. The bill of exceptions
does not present the point as clear as it ought to have
done, yet on examination it is manifest that the Court
below did decide, that she, as guardian, could recover the
value of the slave, Albert; and it is equally clear that the
opinion of the Court was excepted to by the appellants.
The Court will see the hire of the slave was $110; the
jury found a verdict for the sum of $360, to-wit: $110
for the hire, and $250 the value of the boy; this was
considered a high price for the slave, as his color
could not be distinguished from a white man, he had it
in his power at any time he pleased to make his escape
from his owner—this is in proof. The $250 could not
be found by the jury for a failure to return the slave, Al-
bert, as the only damages proved was the loss of five
day's hire. He was to have been returned on the 25th
of December, 1840, and suit was brought on the 1st of
January, 1841. But to put this matter beyond doubt, see
the instruction 2nd, page 28, given for the plaintiff in the
Court below as to diligence, &c.

The instructions asked by the defendants were, if the
hiring took place as proved by Mr. Powell, then the jury
must find for the defendant both as to the *hire* and *value*
of the slave. These instructions were moved separately;
that is, first, they could not in that state of case find the
hire, and if they could find the *hire* they could not *find*
the value. Both of these instructions were overruled by

the Court, and exception taken to the opinion of the Court: (*see Record, p. 29–30.*)

The bill of exception uses this language: "to the giving of which instruction the defendant excepts to the opinion of the Court as to the instruction given for the plaintiff, and also the defendants then and now excepts to the opinion of the Court overruling the instructions moved for by the defendants as aforesaid:" (*see Record, p. 31.*)

It is believed that Mrs. Gist, as guardian, cannot maintain an action in her name to recover the value of the slave, Albert. If the defendants have to pay the value of the slave, they ought to be entitled to the slave, which they would not be in this action.

The Court is respectfully asked to grant a re-hearing.

Ewing & Conner<br>vs<br>Gist.

## Response,
### By Judge Marshall.

June 4.

The recovery of damages in an action of assumpsit for failing to deliver, according to contract, a slave received by the defendant from the plaintiff on hire, would not, as matter of law, transfer the ownership of the slave from the plaintiff to the defendant, supposing the former to have been the owner when the action is brought, and the plaintiff, notwithstanding such recovery, would still be entitled to re-take the slave, taking on himself all the expense and trouble of so doing, and running the risk of ultimate failure.

The recovery of<br>damages for the<br>failure to return<br>a slave hired,<br>does not as mat-<br>ter of law, vest<br>the title to the<br>slave in the de-<br>fendant.

The contract of hire having been made in this case with the guardian of the owner, and the promise to return the slave being also to the guardian, she was properly the plaintiff in the action, and was entitled to recover not only the hire but also damages for the failure to return the slave, because, 1st, the contract was made with her, and 2d, she is responsible over to her ward for due care in the management of the slave, and for due diligence in the recovery of him. And as the owner would be entitled to recover damages commensurate with the reasonable cost and trouble of attempted recaption,

taking also into the estimate the probability of success or failure, which damages would be his only compensation for the expense and trouble of the attempt at recaption, should it be successful, and also for the total loss of the slave, should one be incurred with or without such attempt. So the guardian, in the present case, has a right to recover the same damages for the benefit of the owner, and to meet the liability thrown upon her by the failure of the defendants.

The jury, in assessing damages for a failure to return a slave hired, are authorized to assess damages to an amount equal to the value of the probable costs and expenses incident to a recaption.

The jury have found that by the negligence of the defendants while they (or one of them) had the slave on hire, he was permitted to go off and make his escape; and from the evidence it is probable that he has gone to Ohio or Canada, and that any attempt to retake him, if not utterly hopeless, must be attended with great expense and trouble. As it is not absolutely impossible that he may still be recovered, the jury might not be authorized to find that the plaintiff had sustained damages to the full amount of his value. And although between $240 and $250 of the damages found by the jury, must be applied to the breach alledged, of the defendants having failed to return the slave, there is nothing in the record to show either that the jury found that sum as being his exact value, or that it was in fact his exact value. No witness estimates his value in money; several say that owing to his being almost white, and to the consequent facilities of escape, they did not consider him to be worth more than half as much as other slaves of the ordinary color and capacities. But the defendants had hired him for several years at $110 a year, and it cannot be assumed on this evidence that he was only worth in full property $250. The Court gave no instruction or intimation to the jury, so far as appears from this record, to the effect that the value of the slave was the criterion of damages for the failure to return him, and the damages found do not appear to be excessive.

Wherefore, the petition is overruled.

*Daniel & Peters* for appellants; *Hanson and Apperson* for appellee.